## In re CORN KELLY CORPORATION,
### No. 36684.

District Court, E. D. New York.

March 22, 1939.

William F. Kelly, of New York City, for debtor.

William C. Chanler, Corp. Counsel, by Henry Silverman, both of New York City,

for mortgagee in charge of conduct and prosecution.

## CAMPBELL, District Judge.

A petition for reorganization under Chapter 10, § 101 et seq., Bankr.Act, 11 U.S.C.A. § 501 et seq., has been filed by the debtor, from which it appears not that the debtor has two assets, but that in the alternative it has 1 of 2.

The first asset consists of real estate, which is vacant land, and from which no income is received. This property was purchased from the City of New York in 1927, which was the period when real estate was active, for an aggregate amount of $61,145 of which sum $15,387.50 was paid in cash, and the balance by the giving to the City of three purchase money mortgages, one on each of the parcels, aggregating the sum of $46,142.50 No taxes have been paid on these properties since they were purchased by the debtor, and the interest on the mortgages has not paid since November 1, 1931, and the amount now due including principal, interest and taxes amounts to about $95,000.

The petitioner, in its petition, arbitrarily values the property at $120,000. but it is common knowledge that real estate now, is not worth what it was when the market was active. There is no equity in the real estate actions to foreclose these mortgages which were instituted in March 1935, in which Judgments of foreclosure and sale were subsequently obtained and entered on February 23, 1938. The sale of the property was deferred to allow the debtor to try to make adjustment somehow of the claim of the City. The debtor did not make an adjustment and the sales were advertised for March 16, 1939.

By the judgment of foreclosure and sale, the claim of the City on these mortgages was liquidated and the res was taken into the possession of the State Court.

The debtor is not conducting any business, but waited a year after the Judgement of foreclosure and sale, before it filed this petition, which obviously is filed, only for the purpose of delay in the sales in the foreclosure actions. The other alleged asset is a claim against the City for which an action has been commenced in the State Court, which is for a resession of the sale of the land by the City to the debtor in which the debtor claims damages in the sum of $50,000.

The two alleged assets cannot be considered together, because if the debtor was successful in its action for a rescession it would of necessity give up the real estate, and be relieved from the mortgages and receive in lieu thereof, such damages as might be awarded to it in cash against the City, which the debtor contends should be $50,000. This does not present any question of set-off, because it would be impossible to set-off the damages that the debtor might receive in its action for a resession, because success in that action would mean that the debtor would give up all claim of Title to the real estate and recover its damages in cash, which it contends were in the amount of $50,000.

It is, therefore, unreasonable to expect, that a plan of reorganization can be effected, and the interest of the corporation and its stockholders would be subserved, by continuing the prosecution of its action for damages and resession in the State Court.

The petition herein is not filed in good faith, and should be dismissed, and the order staying the City of New York, granted on March 16, 1939, should be vacated.